IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN E. KING, | No. C 05-3478 CW |
|     Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR JUDGMENT |
|   v. | |
| GE FINANCIAL ASSURANCE COMPANY, PHOENIX HOME LIFE MUTUAL COMPANY, THE SONOMA NATIONAL BANK GROUP LONG TERM DISABILITY PLAN, and SONOMA NATIONAL BANK, | |
|     Defendants. | |

Plaintiff John E. King has moved for judgment under Federal Rule of Civil Procedure 52 for disability benefits pursuant to his rights under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. (ERISA). Defendants GE Financial Assurance Company, Phoenix Home Life Mutual Insurance Company, The Sonoma National Bank Group Long Term Disability Plan and Sonoma National Bank oppose this motion.  The matter was decided on the papers.  Having considered all of the papers filed by the parties, the Court GRANTS Plaintiff's motion for judgment, but denies in part his motion for injunctive relief.

BACKGROUND

Plaintiff became unable to work and began receiving long-term disability benefits in 1995.  Between 1995 and 1999, numerous physicians examined Plaintiff and diagnosed him with a variety of physical ailments and diseases.  In March, 1999, Defendants

requested that Plaintiff undergo an independent medical examination by a psychologist. Based on the psychologist's diagnosis that Plaintiff's disability was caused by, contributed to, or the result of a mental illness, Defendants notified Plaintiff that his benefits would be limited to twenty-four months, terminating March 1, 2001.

After exhausting his administrative appeals, Plaintiff filed a lawsuit on August 28, 2002 in this Court, King v. GE Financial Assurance Co., No. C 02-4144 (King I), for violations of his rights under ERISA. Plaintiff moved for judgment under Federal Rule of Civil Procedure 52 and Defendants filed a cross-motion for judgment. The Court ruled in favor of Plaintiff. In its final written order, the Court found, based on a review of the administrative record, that "Defendants abused their discretion by terminating Plaintiff's long-term disability benefits because the record does not contain sufficient evidence to support their decision." King I, October 8, 2003, Order Granting Plaintiff's Motion for Judgment and Denying Defendant's Cross-Motion at 11.

In a July 22, 2003 Order, the Court had noted the parties' inability to agree upon the form of the judgment. The July 22 Order invited the parties to try to negotiate a proposed form of judgment and, in the alternative, ordered Plaintiff to submit a proposed judgment. Plaintiff submitted a proposed judgment on July 28, 2003, to which Defendants did not object. On October 8, 2003, the Court entered judgment in accordance with Plaintiff's proposal, allowing Plaintiff to recover benefits withheld by Defendants from March 1, 2001 to August 31, 2003 in the amount of $31,290.00, plus

pre-judgment interest and attorneys' fees.

Defendants appealed the Court's judgment against them. The Ninth Circuit affirmed the Court's findings, and its mandate was spread on July 14, 2005. Subsequently, Defendants paid Plaintiff the total amount of the judgment. However, Defendants refused to pay Plaintiff any further benefits for the period after August 31, 2003. Defendants did not give Plaintiff notice of a decision to terminate his benefits again. After discussion with Defendants' counsel, but without seeking further administrative relief, Plaintiff filed this second lawsuit on August 26, 2005.

At a case management conference on January 13, 2006, the Court ordered that the case would be resolved by cross-motions for judgment pursuant to Federal Rule of Civil Procedure 52. On January 27, 2006, Plaintiff filed this motion accordingly.

Plaintiff asks the Court to order Defendants to pay benefits from the date of the award in this Court's prior judgment to the present. Plaintiff further requests that the Court enjoin Defendants from terminating his benefits in the future unless they obtain a judicial determination that they may legally do so. In their opposition, Defendants argue that Plaintiff's action is barred by res judicata and, alternatively, that it should be dismissed for failure to exhaust administrative remedies.

Defendants have attached to their opposition a supplemental administrative record (SAR) purporting to show that Plaintiff is not, and perhaps was never, disabled. Plaintiff objects to the SAR on the grounds that its contents are not authenticated. For the reasons described in the discussion section below, the Court need

3

not yet determine anew Plaintiff's disability status.  Plaintiff's objections are overruled as moot.

The law requires that ERISA plans provide a participant whose claim is denied with "adequate notice in writing . . . setting forth the specific reasons for such denial."  29 U.S.C. § 1133.  Plans must also "afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review . . . of the decision denying the claim."  Id.  The Phoenix Home Life Mutual Insurance Co. Long Term Disability Insurance Policy, which sets forth the terms of Plaintiff's disability benefits, likewise states that Plaintiff is entitled to receive notice of and an opportunity to seek review of a denial of benefits.  King I, Baum Decl., at 23.  The policy also sets forth Defendants' right to require proof of loss "at any reasonable time during the Period of Disability."  Id. at 24.

## DISCUSSION

Plaintiff asserts that he is entitled to benefits based on the Court's prior findings.  Although the final judgment in King I did not explicitly state that Plaintiff's benefits should be reinstated, the Court's October 8th Order found that the administrative record provided by Defendants contained insufficient evidence to show that Plaintiff was not physically disabled.  The Court held that Defendants had abused their discretion by terminating Plaintiff's benefits.  Defendants necessarily continue to abuse their discretion by failing to pay Plaintiff's benefits unless and until they reach a new determination, based on additional evidence and in accordance with ERISA and the terms of

4

the policy, that Plaintiff is no longer physically disabled. Accordingly, the clear implication of the prior judgment is that Defendants must continue to pay Plaintiff's benefits from September 1, 2003 until and unless they compile a record that is sufficient to support a new decision and provide Plaintiff with notice of this new decision and the new evidence supporting it.  Plaintiff must be allowed an opportunity for full and fair administrative review of the new decision.

Thus, Defendants must pay Plaintiff's benefits from September 1, 2003 to the present.  See Grosz-Solomon v. Paul Revere Life Ins. Co., 237 F.3d 1154, 1163 (9th Cir. 2001) (retroactive reinstatement appropriate in ERISA cases where, "but for [the insurer's] arbitrary and capricious conduct [the insured] would have continued to receive benefits").  Because Defendants have yet to give Plaintiff notice of a new decision that he is not disabled, he is entitled to continue to receive benefits until such notice is provided.  Once Defendants resume their obligations under the Plan, they may also ask Plaintiff to provide proof of loss as required under the Plan.

Defendants argue that Plaintiff's present claim is barred under the doctrine of res judicata.  Under res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.  See Montana v. United States, 440 U.S. 147, 153 (1979).  However, the doctrine is inapplicable to Plaintiff here, and the cases relied upon by Defendants, Soseby v. State Farm Mutual Ins. Co., 164 F.3d 1215, 1217 (9th Cir. 1999), and Int'l Union of Operating Engineers-

5

1  Employees Constr. Indus. Pension, Welfare and Training Trust Fund
2  v. Karr, 994 F.2d 1426, 1429 (9th Cir. 1993) are inapposite.  In
3  Soseby, the plaintiff sought to bring a bad faith claim against the
4  defendant insurer after she had unsuccessfully brought the same
5  claim in a prior proceeding, while Karr involved an attempt to
6  obtain further relief after a case was dismissed pursuant to a
7  settlement agreement.  Soseby, 164 F.3d at 1217; Karr, 994 F.2d at
8  1429.  In the present case, to the contrary, Plaintiff prevailed in
9  the prior proceeding and merely seeks to obtain the relief
10 contemplated by its judgment.  If anyone is barred by res judicata
11 and collateral estoppel, it is Defendants, who are barred from
12 continuing to deny Plaintiff's benefits based on the decision that
13 was found to be an abuse of discretion.
14      Defendants also argue that, because Plaintiff has not
15 exhausted his administrative remedies, the Court should dismiss
16 this action.  To the extent that Plaintiff's motion relates to
17 implementation of the decision addressed in King I, he has already
18 fulfilled his exhaustion requirement.  Moreover, after the Court's
19 judgment, Defendants did not provide notice of any official
20 determination of his disability status before refusing to resume
21 paying Plaintiff's benefits.  Therefore, there has not yet been an
22 affirmative decision for Plaintiff to appeal administratively.
23 Accordingly, Plaintiff need not exhaust his administrative remedies
24 further at this time.  If Defendants do terminate Plaintiff's
25 benefits at a later date, after resuming their obligations to pay
26 and requesting and reviewing new proof of disability, Plaintiff
27 must exhaust administrative remedies before challenging that

6

decision.

Plaintiff asks that the Court issue an order enjoining Defendants from terminating his benefits again, even after complying with the terms of the policy, unless the Court allows it. While Defendants' conduct to date might justify such an order, the Court is unaware of authority for it. Plaintiff of course may file a new lawsuit and move for a temporary restraining order if Defendants unjustifiably terminate his benefits again.

CONCLUSION

For the foregoing reason, Plaintiff's motion for judgment is GRANTED (Docket No. 16). Defendants are ordered to pay Plaintiff benefits from September 1, 2003 to present and must continue to pay them unless and until Defendants have sufficient evidence that Plaintiff is no longer disabled, and terminate his benefits in accordance with the policy and after giving him notice as required by ERISA. Plaintiff shall recover of Defendants pre- and post-judgment interest and attorneys' fees and costs. Plaintiff's request for additional injunctive relief is denied without prejudice.

IT IS SO ORDERED.

Dated: 3/28/06

CLAUDIA WILKEN
United States District Judge