IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN E. KING, | No. C 05-3478 CW |
| Plaintiff, | ORDER ADDRESSING CALCULATION OF BENEFITS |
| v. | |
| GE FINANCIAL ASSURANCE COMPANY, PHOENIX HOME LIFE MUTUAL COMPANY, THE SONOMA NATIONAL BANK GROUP LONG TERM DISABILITY PLAN, and SONOMA NATIONAL BANK, | |
| Defendants. / | |

On June 30, 2006, the Court denied Plaintiff John E. King's <u>ex parte</u> application for an order to show cause why Defendants GE Financial Assurance Company, Phoenix Home Life Mutual Insurance Company, The Sonoma National Bank Group Long Term Disability Plan and Sonoma National Bank should not be sanctioned for failure to comply with the Court's March 28, 2006 Order Granting Plaintiff's Motion for Judgment. <u>See</u> June 30, 2006 Order Denying Pl.'s App. for an Order to Show Cause. Among other issues, the March 28, 2006 Order and accompanying judgment had required Defendants immediately to restore Plaintiff's long-term disability benefits. The Court denied Plaintiff's application for an order to show cause because of Defendants' agreement to pay at least a substantial portion of the benefits owed.

1  The Court granted Defendants leave to file a surreply
2 addressing two issues raised in the Supplemental Declaration of
3 Julian M. Baum in Support of Plaintiff's Ex Parte Application for
4 Order to Show Cause, to which Defendants had not had an opportunity
5 to respond.  These are: (1) whether Plaintiff's Social Security
6 Disability benefits may be used to offset the long-term disability
7 benefits under the Plan; and (2) whether Plaintiff must provide
8 Defendants with documentation of his income, and if so the extent
9 of the required documentation.  Defendants have since filed a
10 surreply.

11  On the question of whether Plaintiff's Social Security
12 Disability benefits may offset Defendants' obligations to pay under
13 the Plan, Plaintiff relies on the following sentence in the plan:

> We will only consider as Other Income that amount which, when added to your Gross Monthly Benefit, exceeds 100% of your Basic Monthly Earnings.  By Gross Monthly Benefit we mean the amount of your Monthly Benefit prior to any reductions by Other Income.

17 Milotte Decl., Ex. A, Group Long Term Disability Certificate (Plan)
18 13.  As Defendants note, however, this sentence is contained within
19 the paragraph addressing "income received from any formal or
20 informal salary continuance plan."  Id.  Application of this
21 formula to the types of "Other Income" set forth in other
22 paragraphs (such as disability or social security benefits) would
23 be inconsistent with the "Calculation of The Monthly Benefit"
24 portion of the plan which does provide for the offsetting of "Other
25 Income,"

> To determine the Monthly Benefit we will pay each month while you are Disabled:

```
     1.  Multiply your Basic Monthly Earnings by the benefit
         percentage as noted in the Monthly Benefit part of the
         INSURANCE SCHEDULE;

     2.  Take the lesser of:
           a) the resulting figure; or
           b) the maximum Monthly Benefit as shown in the INSURANCE
              SCHEDULE.

     3.  Carry forward the resulting figure in item 2 above and
         subtract all Other Income benefits, as defined in the OTHER
         INCOME part of the Certificate.

         The Monthly Benefit will be payable subject to all the
     terms of the policy, including, but not limited to, the
     reductions for Other Income.
```

Id. at 12. Therefore, the Court concludes that Defendants' decision to offset benefits by Plaintiff's Social Security Disability income is not inconsistent with the Court's judgment.

On the second issue, the Court finds that Defendants' demands for documentation relate to their efforts to determine whether Plaintiff is only partially disabled. The Court will not involve itself in ongoing adjudication of the parties' responsibilities relating to this effort. As the Court explained in its June 30, 2006 order,

> [I]f Defendants allege that Plaintiff is only partially disabled and maintains a regular work schedule of less than thirty hours a week, Defendants must make a new determination, in accordance with the Plan and based on sufficient evidence, that Plaintiff is no longer completely disabled.

June 30, 2006 Order at 6-7 (citing March 28, 2006 Order at 4-5). Likewise, it is for Defendants to determine, subject to the terms of the Plan and the applicable law, whether Plaintiff has

fulfilled his ongoing obligations to provide information under the Plan.  If he does not, Defendants may take any course of action open to them consistent with the Plan and the law, and if Plaintiff is aggrieved he may in turn pursue any remedies available to him under the Plan and the law.

    IT IS SO ORDERED.

Dated: 10/11/06

CLAUDIA WILKEN
United States District Judge

4